UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARYANITA PATINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. |
| | ) |
| SANDY PINES GOLF CLUB, | ) |
| SP19 AMERICAN KITCHEN & BAR, | ) |
| and HAMSTRA BUILDERS, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, MaryAnita Patino ("Plaintiff"), by counsel, brings this action against the Defendants, Sandy Pines Golf Club, SP19 American Kitchen & Bar, and Hamstra Builders, Inc. (collectively "Defendants"), alleging they violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual and has resided within the Northern District of Indiana, Lafayette Division, at all relevant times.

2. Plaintiff was an "employee" of Defendant within the meaning of that term under Title VII, 42 U.S.C. § 2000e(f).

3. Defendants are corporations located, operating and conducting business within the Northern District of Indiana, Lafayette Division, at all relevant times.

4. Defendants were "employers" of Plaintiff within the meaning of that term under Title VII, 42 U.S.C. § 2000e(b).

5. Plaintiff has satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received her "Dismissal and Notice of Rights" ("Notice") from the EEOC regarding her Charge, evidencing her right to sue in federal court, and now timely files this lawsuit within ninety (90) says after receipt of said Notice.

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1988.

7. All of the events, transactions and occurrences giving rise to this lawsuit occurred within the geographical environs of the Northern District of Indiana, Lafayette Division, and all parties are located therein.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   FACTUAL ALLEGATIONS

9. Defendants hired Plaintiff on or about March 23, 2018.

10. Plaintiff worked for Defendants as a Server and Bartender.

11. Plaintiff is female, placing her in a protected class under Title VII.

12. During her employment, Plaintiff was in a romantic relationship with one of Defendants' patrons, Richard Fishero ("Fishero").

13. On or about September 15, 2020, outside of working hours, Plaintiff sent a revealing photograph of herself to Fishero.

14. Fishero forwarded the photograph to Brad Bervin ("Bervin"), who was a Manager for Defendants.

15. Bervin forwarded the photograph to several of Defendants' employees, including, but not limited to, Celina Albin ("Albin") and Bryan Volk ("Volk"), who were also Managers for Defendants.

16. Plaintiff was subsequently ridiculed, humiliated, hassled, and harassed by Defendants' employees regarding her sexuality.

17. Defendants did nothing to ameliorate the situation.

18. Eventually, a fellow employee was kind enough to tell Plaintiff, who up to that point did not know the photograph had been widely circulated, what happened.

19. Plaintiff complained about the sexual harassment to Albin.

20. Plaintiff's complaint constitutes protected activity under Title VII.

21. Rather than taking appropriate remedial action, Albin ridiculed Plaintiff about the photograph and her sexuality.

22. After that meeting, Plaintiff stopped receiving weekend and bar shifts, which were the most profitable shifts for employees in Plaintiff's position.

23. Plaintiff was also passed over for a promotion to Assistant Manager which she had already been promised.

24. On or about December 17, 2020, Albin and Volk called Plaintiff into a meeting and terminated her employment.

25. Plaintiff met Defendants' legitimate performance expectations throughout her employment with Defendants.

26. Plaintiff never received written discipline or reprimands during her employment with Defendants.

27. Defendants did not subject other, similarly-situated male employees to the same adverse employment actions as Plaintiff.

28. Defendants did not subject other, similarly-situated employees, who did not engage in protected activity, to the same adverse employment actions as Plaintiff.

29. All non-discriminatory reasons proffered by Defendants for the adverse employment actions taken against Plaintiff are pretextual.

30. Defendants' actions were intentional, willful and/or done in reckless disregard of Plaintiff's rights under Title VII.

31. Plaintiff has suffered and continues to suffer harm as a result of Defendants' unlawful actions.

### III. LEGAL ALLEGATIONS

### COUNT I

### TITLE VII – SEX DISCRIMINATION

32. Plaintiff hereby incorporates paragraphs 1 through 31 above as if the same were set forth at length herein.

33. Defendants engaged in acts which constitute unlawful employment practices based on sex in violation of Title VII.

34. Defendants' actions deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

35. Defendants took adverse employment actions against Plaintiff based on her sex in violation of Title VII, including when it terminated her employment.

36. Defendants did not subject other, similarly-situated male employees to the same adverse employment actions as Plaintiff.

37. All non-discriminatory reasons proffered by Defendants for the adverse employment actions taken against Plaintiff are pretextual.

38. Defendants' actions were intentional, willful and/or done in reckless disregard of Plaintiff's rights under Title VII.

39. Plaintiff has suffered and continues to suffer harm as a result of Defendants' unlawful actions.

## COUNT II

### TITLE VII – HARASSMENT/HOSTILE WORK ENVIRONMENT

40. Plaintiff hereby incorporates paragraphs 1 through 39 above as if the same were set forth at length herein.

41. Defendants' actions constitute unlawful employment practices based on sex in violation of Title VII.

42. Defendants' actions deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

43. Defendants subjected Plaintiff to severe and/or pervasive harassment and a hostile work environment based on her sex.

44. Defendants' actions were intentional, willful and/or done in reckless disregard of Plaintiff's rights under Title VII.

45. Plaintiff has suffered and continues to suffer harm as a result of Defendants' unlawful actions.

## COUNT III

## TITLE VII – RETALIATION

46. Plaintiff hereby incorporates paragraphs 1 through 45 above as if the same were set forth at length herein.

47. Defendants engaged in acts which constitute unlawful employment practices based on sex in violation of Title VII.

48. Defendants' actions deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

49. Defendants took adverse employment actions against Plaintiff based on and in retaliation for her protected activity, in violation of Title VII, including when it terminated her employment.

50. Defendants did not subject other, similarly-situated employees, who did not engage in protected activity, to the same adverse employment actions as Plaintiff.

51. All non-retaliatory reasons proffered by Defendants for the adverse employment actions taken against Plaintiff are pretextual.

52. Defendants' actions were intentional, willful and/or done in reckless disregard of Plaintiff's rights under Title VII.

53. Plaintiff has suffered and continues to suffer harm as a result of Defendants' unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests the Court find for her and order that:

1. Defendants reinstate Plaintiff to her same position, salary and seniority as prior to her termination or pay front pay and benefits to her in lieu thereof;

2. Defendants pay lost wages and benefits to Plaintiff;

3. Defendants pay compensatory to Plaintiff;

4. Defendants pay punitive damages to Plaintiff;

6. Defendants pay pre- and post-judgment interest to Plaintiff on all recoverable sums;

7. Defendants pay Plaintiff's reasonable attorneys' fees and costs incurred in litigating this action; and

8. Defendants pay to Plaintiff any and all other legal and/or equitable damages this Court deems just and proper to grant.

Respectfully submitted,

*s/ Spenser G. Benge*
Spenser G. Benge, Esq.
Attorney No. 33955-48
THE LAW OFFICE OF SPENSER G. BENGE
3737 South Scatterfield Road, Suite 200
Anderson, Indiana 46013
Telephone: (765) 610-4062
Facsimile: (765) 640-1332
Email: spenser@bengelawoffice.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, MaryAnita Patino ("Plaintiff"), by counsel, respectfully requests a jury trial for all triable issues.

Respectfully submitted,

*s/ Spenser G. Benge*
Spenser G. Benge, Esq.
Attorney No. 33955-48
Attorney for Plaintiff
